IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03099-MEH

BEYER LASER CENTER, LLC, and
CRAIG F. BEYER,

     Plaintiffs/Counterclaim Defendants,

v.

MATEJ POLOMSKY,

     Defendant/Counter Claimant.

# ORDER ON MOTION FOR RECONSIDERATION

**Michael E. Hegarty, United States Magistrate Judge.**

     Defendant Dr. Matej Polomsky asks this Court to reconsider its order denying his Motion for Summary Judgment. Because Dr. Polomsky has not shown an intervening change in the law, new evidence previously unavailable, or that the Court's holdings are clearly erroneous, the Court denies his motion.

## BACKGROUND

     Plaintiffs Beyer Laser Center, LLC ("BLC") and Dr. Craig Beyer assert claims for defamation, malicious prosecution, intentional interference with existing contractual relationship, and civil conspiracy. Am. Compl., ECF No. 4. Plaintiffs' claims arise out of an ethics complaint Dr. Polomsky filed against Dr. Beyer during his fellowship with BLC. *Id.*

     Relevant here, Dr. Polomsky filed a Motion for Summary Judgment on December 6, 2017. ECF No. 71. Dr. Polomsky asserted that summary judgment was proper, because he is entitled to statutory immunity on Plaintiffs' claims, and Plaintiffs' claims are barred by res judicata. *Id.* On

January 23, 2018, the Court issued an Order denying Dr. Polomsky's motion. Ord. on Def.'s Mot. for Summ. J., ECF No. 78. The Court found a disputed issue of fact regarding whether Dr. Polomsky filed the ethics complaint with an evil or improper motive. *Id.* at 12–13. The Court relied on evidence suggesting that Dr. Polomsky submitted the ethics complaint out of frustration and dislike for Dr. Beyer and out of a desire to please a separate doctor (Dr. Stewart) who had an ongoing lawsuit with Dr. Beyer. *Id.* Additionally, the Court found the evidence did not undisputedly demonstrate that res judicata bars this case. *Id.* at 14–18.

On February 14, 2018, Dr. Polomsky filed the present Motion for Reconsideration, ECF No. 79. Dr. Polomsky seeks reconsideration of the Court's finding that disputed issues of fact exist as to his immunity defense. According to Dr. Polomsky, the Court's order was clearly erroneous, because (1) immunity is a threshold barrier to suit that should be resolved before trial, (2) the Court's order does not place the burden on Plaintiffs to rebut the presumption of immunity, and (3) the evidence does not show evil or improper intent. *Id.* Plaintiffs filed a response to Dr. Polomsky's motion on March 7, 2018. Resp. to Mot. for Reconsideration, ECF No. 83.

## **LEGAL STANDARDS**

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, "motions for reconsideration are routinely entertained in one form or another[] by federal courts." *United States ex rel. Superior Steel Connectors Corp. v. RK Specialities, Inc.*, No. 11-cv-01488-CMA, 2012 WL 3264296, at *1 (D. Colo. Aug. 10, 2012). The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the

2

controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations omitted).

## ANALYSIS

The Court declines to alter its finding that disputed issues of fact exist as to Dr. Polomsky's state of mind when he filed the ethics complaint. Because Dr. Polomsky does not point to an intervening change in the law or new evidence previously unavailable, the Court infers that he perceives a need to correct clear error. Far from committing clear error, the Court finds that its order correctly identified disputed issues of fact. The Court will briefly address each of Dr. Polomsky's arguments to the contrary.

First, Dr. Polomsky asserts the Court's order "renders the immunity provision of the Colorado Medical Practice Act illusory," because immunity is essentially lost if a case is permitted to go to trial. Mot. for Reconsideration 2–4, ECF No. 79. The Court disagrees. Unlike immunity from suit, a defendant does not lose immunity from liability if the court requires him to defend his case at trial. *See, e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("An *immunity from suit* rather than a mere defense to liability . . . is effectively lost if a case is erroneously permitted to go to trial."). This is because, immunity from liability operates as a mere defense instead of a right to be free from the burdens of litigation. *See id.* at 529 (stating that qualified immunity for law enforcement officers "is in fact an entitlement not to stand trial under certain circumstances"); *see generally Gen. Steel Domestic Sales, LLC v. Chumley*, 840 F.3d 1178, 1180–82 (10th Cir. 2016) (denying an interlocutory appeal on the district court's denial of immunity at summary judgment, because the immunity was from liability only). The Court has already stated that Section 12-36-118(3)(b) provides immunity only from liability. Order on Def.'s Mot. to Dismiss 8 n.3, ECF No.

29 ("Unlike qualified immunity in the civil rights context, Section 12-36-118(3)(b) explicitly provides immunity from liability, instead of immunity from suit."). Indeed, Section 12-36-118(3)(b) specifically states, "Any person participating in good faith in the making of a complaint or report or participating in any investigative or administrative proceeding pursuant to this section shall be *immune from any liability*, civil or criminal, that otherwise might result by reason of such participation." Colo. Rev. Stat. ¶ 12-36-118(3)(b) (emphasis added). Because the provision does not "contain 'an explicit statutory or constitutional guarantee that trial will not occur,'" the immunity is only from liability. *Gen. Steel Domestic Sales, LLC*, 840 F.3d at 1181–82 (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989)). Therefore, the cases Dr. Polomsky cites involving a government official's immunity under 42 U.S.C. § 1983 or statutory immunity from suit are not persuasive, and Dr. Polomsky does not forfeit his immunity by defending this case at trial.

Dr. Polomsky also relies heavily on *Young v. Hodges*, 318 P.3d 458 (Colo. 2014), in which the court held that negligence is insufficient to rebut the presumption of good faith underlying statutory immunity for law enforcement officers. Mot. for Reconsideration 3. According to the court, permitting a negligence standard would require the defendant to prove he is not liable in the first place to receive immunity, thus eviscerating the immunity. *Young*, 318 P.3d at 461. However, unlike *Young*, the Court's order does not equate immunity with liability. To overcome Dr. Polomsky's immunity, Plaintiffs must convince the jury that Dr. Polomsky filed the ethics complaint with an improper or evil motive. To prove their defamation claim, Plaintiffs must show that Dr. Polomsky filed the complaint "with fault amounting to at least negligence . . . ." *Williams v. Dist. Court, Second Judicial Dist., City & Cty. of Denver*, 866 P.2d 908, 911 n.4 (Colo. 1993). Therefore, overcoming Dr. Polomsky's immunity necessitates that Plaintiffs prove facts beyond that required

4

by their defamation claim. Furthermore, *Young* involved a different statutory immunity provision that, by its plain language, created a presumption of good faith. 318 P.3d at 461 (citing Colo. Rev. Stat. § 19-2-508(7) (2017)). In contrast, the immunity provision underlying this lawsuit does not specifically state that the good faith of an individual filing an ethics complaint is presumed. Therefore, the Court does not find *Young* controlling or persuasive to its present analysis.

Dr. Polomsky next argues that the Court's order impermissibly relieved Plaintiffs of their burden to rebut the presumption of immunity. Mot. for Reconsideration 4–7. As the Court has already stated, the Court has not held that Section 12-36-118(3)(b) creates a presumption in favor of immunity, and, unlike other statutes, *see* Colo. Rev. Stat. § 19-2-508(7), the General Assembly did not explicitly provide such a presumption. Regardless, even assuming a presumption in favor of immunity exists, the Court's order held Plaintiffs to their burden. The Court discussed evidence Plaintiffs submitted and noted that it was sufficient to create an inference that Dr. Polomsky filed the ethics complaint with what constitutes an 'evil or improper motive' under the law." Order on Def.'s Mot. for Summ. J. 12. That Dr. Polomsky desired a different outcome does not alter the fact that Plaintiffs satisfied their burden of producing evidence suggesting Dr. Polomsky had an improper motive.

Dr. Polomsky's final argument is that the evidence Plaintiffs submitted does not show evil or improper motive as a matter of law.[1] Mot. for Reconsideration 7–11. According to Dr. Polomsky, he cannot lose his immunity only on the basis that he was frustrated with Dr. Beyer or

---

[1] In support of this argument, Dr. Polomsky quotes from *Merrick v. Burns, Wall, Smith & Mueller, P.C.*, 43 P.3d 712 (Colo. App. 2011). Mot. for Reconsideration 7–8. However, the quoted text does not appear in the cited case. Because a portion of the text appears in a separate Colorado case, *N. Colo. Med. Ctr., Inc. v. Nicholas*, 27 P.3d 828, 843 (Colo. 2001), the Court will assume for purposes of this motion that defense counsel intended to cite this case.

5

separately because he wanted to please Dr. Stewart. *Id.* at 8–11. Again, the Court disagrees that the evidence does not create a disputed issue of fact regarding Dr. Polomsky's state of mind.

As an initial matter, Dr. Polomsky has not been "robbed" of his entitlement to immunity. As the Court previously explained, because Section 12-36-118(3)(b) provides immunity from liability, instead of immunity from suit, Dr. Polomsky does not lose his immunity by virtue of this case going forward. Indeed, Dr. Polomsky may well be immune from liability in this case. The Court noted in its order that "Dr. Polomsky produced significant evidence supporting a finding that he filed the complaint to protect himself and out of a genuine desire to report unethical conduct." Order on Def.'s Mot. for Summ. J. 13.

Furthermore, Dr. Polomsky's argument misconstrues the Court's holding. The Court did not deny Dr. Polomsky's motion on the basis that Dr. Polomsky was frustrated with Dr. Beyer or alternatively because Dr. Polomsky wanted to please Dr. Stewart. Instead, the Court found that these facts, viewed in a light most favorable to Plaintiffs and taken together, create a disputed issue of fact as to whether Dr. Polomsky filed the complaint with an improper motive.

The cases Dr. Polomsky cites do not convince the Court to the contrary. Dr. Polomsky primarily relies on *North Colorado Medical Center, Inc. v. Nicholas*, 27 P.3d 828, 843 (Colo. 2001). Although the Court in that case affirmed the grant of summary judgment on statutory immunity grounds, the immunity provision in that case provides immunity from suit, not merely immunity from liability. As the Court has repeatedly stated, immunities from suit create a stronger presumption in favor of immunity at summary judgment than do immunities from liability. *See generally Gen. Steel Domestic Sales, LLC*, 840 F.3d at 1181–82 (refusing an interlocutory appeal on a denial of summary judgment, because the immunity provision at issue operated as an immunity from liability). Additionally, as Dr. Polomsky recognizes, the only evidence of bad faith in that case

was that the complainant subjectively believed the plaintiff should not be practicing medicine. *Id.* at 843. Unlike the present case, there was no evidence suggesting that the complainant was beholden to an individual who had filed a lawsuit against the plaintiff and that she would not have submitted her complaint if the individual who brought the lawsuit had not asked her to do so.

In short, Dr. Polomsky is not entitled to summary judgment on his immunity defense. Because Section 12-36-118(3)(b) provides immunity from liability, instead of immunity from suit, Dr. Polomsky will not lose his immunity by virtue of having to defend this case at trial. Furthermore, because resolution of Dr. Polomsky's immunity requires an analysis of his state of mind, determining this issue would be particularly inappropriate at the summary judgment stage. *See Montoya ex rel. Montoya v. Bebensee*, 761 P.2d 285, 290 (Colo. App. 1988) ("Proof of [a lack of good faith] involves a consideration of circumstantial evidence and of the reasonable inferences to be drawn therefrom. Thus, such an issue seldom can be resolved on a motion for summary judgment."); *Woodward v. Bd. of Dirs. of Tamarron Ass'n of Condo. Owners, Inc.*, 155 P.3d 621, 625 (Colo. App. 2007) ("[I]ssues of reasonableness and good faith are particularly unsuitable for summary judgment."); *Kendel v. Orr*, 628 F. Supp. 326, 329 (D. Kan. 1985) ("Invocation of the defense of good faith immunity in these circumstances depends upon the resolution of a number of factual issues. Summary judgment on the issue of good faith immunity is therefore inappropriate."); *Crow v. Penrose-St. Francis Healthcare Sys.*, 169 P.3d 158, 166 (Colo. 2007) ("Determining if the [defendant] acted in good faith is an intensely factual finding that requires a reviewing court to examine thoroughly the record . . . ."); *Brown v. Rosenbloom*, 524 P.2d 626, 629 (Colo. App. 1974) ("Since the issue of whether defendants acted in 'good faith' involves their state of mind, resolution of this issue necessarily involves all facts and circumstances of the case as developed not only from direct and circumstantial evidence, but cross-examination of defendants and determinations of

credibility made by the trier of facts."); *Wilkerson v. Schirmer Eng'g Corp.*, No. 04CV00258 WDM/OES, 2006 WL 228818, at *8 (D. Colo. Jan. 30, 2006) (denying summary judgment on an immunity defense under Colo. Rev. Stat. § 12-25-118 (2017), which contains identical language to Section 12-36-118(3)(b)); *Decibel Credit Union v. Pueblo Bank & Trust Co.*, 996 P.2d 784, 787 (Colo. App. 2000) ("Generally, a court may not resolve issues pertaining to a party's good faith or lack thereof on summary judgment because this decision requires an evaluation of a party's subjective intent.").

## CONCLUSION

Dr. Polomsky's Motion for Reconsideration fails to demonstrate clear error in the Court's January 23, 2018 Order. Dr. Polomsky may be entitled to statutory immunity in this case, but that issue is for a jury to decide. Accordingly, Dr. Polomsky's Motion for Reconsideration [filed February 14, 2018; ECF No. 79] is **denied**. The Court lifts the stay of discovery in this case.

Entered and dated at Denver, Colorado, this 15th day of March, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge