IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03099-MEH

BEYER LASER CENTER, LLC, and
CRAIG F. BEYER,

    Plaintiffs/Counterclaim Defendants,

v.

MATEJ POLOMSKY,

    Defendant/Counter Claimant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Defendant Matej Polomsky asks me to certify three questions to the Colorado Supreme Court regarding the statutory immunity provision contained in the Colorado Medical Practice Act ("CMPA"): (1) whether the court or a jury should decide the applicability of immunity, (2) whether the immunity provision creates a rebuttable presumption of good faith, and (3) whether entitlement to immunity includes the right to recover fees and costs. I determined the first two issues when ruling on Dr. Polomsky's Motion to Dismiss and Motion for Summary Judgment. For three reasons, I find that certification to the Colorado Supreme Court is not warranted.

    First, Dr. Polomsky did not seek to certify these questions in his Motion to Dismiss, Motion for Summary Judgment, or Motion for Reconsideration. Instead, Dr. Polomsky argued the merits of the issues. Requesting certification after the district court issues a ruling adverse to your position does not further the efficient use of judicial resources. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997) (stating that certification procedures are designed so that "a federal court

may save 'time, energy, and resources . . . .'" (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974))).

Second, although certainly important to the litigants in this case, I am not persuaded that the questions Dr. Polomsky seeks to certify have broad applicability and importance to Colorado law. The questions seek resolution of legal issues underlying an immunity for filing ethics complaints against physicians in good faith. These issues are not necessarily dispositive of an individual's entitlement to immunity; thus, it is difficult to see how the issues significantly affect Colorado law and policy. Under the broad scheme of Colorado law, questions such as whether the jury may determine immunity and whether a rebuttable presumption in favor of immunity exists are not so important that they require immediate resolution by Colorado's highest court.

Third, Dr. Polomsky has not made a sufficient showing—in his first three motions raising the issues or in the present motion—that the Colorado Supreme Court would likely interpret the immunity as one from suit, which requires resolution by the court. As I stated in my Order on Dr. Polomsky's Motion for Reconsideration, the statute explicitly provides that "[a]ny person participating in good faith in the making of a complaint or report or participating in any investigative or administrative proceeding pursuant to this section shall be *immune from any liability*, civil or criminal, that otherwise might result by reason of such participation." Colo. Rev. Stat. § 12-36-118(3)(b) (West 2018) (emphasis added). The Colorado General Assembly certainly knows how to provide immunity from suit when it wishes to do so.[1] *See* Colo. Rev. Stat. § 12-42.5-206 (West

---

[1] Similarly, as I have stated in my previous orders, the Colorado General Assembly explicitly provides a presumption in favor of immunity when it wants to do so. Colo. Rev. Stat. § 19-2-508(7) (West 2018) ("For purposes of any proceedings, civil or criminal, the good faith of any such person is presumed.").

2018) ("Any member of the board acting pursuant to this part 2 is immune from suit in any civil action if the member acted in good faith within the scope of the function of the board . . . ."); Colo. Rev. Stat. § 22-12-104(1) (West 2018) ("An educational entity and its employees are immune from suit for taking an action regarding the supervision, grading, suspension, expulsion, or discipline of a student."); Colo. Rev. Stat. § 19-3.3-104 (West 2018) ("The ombudsman and employees or persons acting on behalf of the office are immune from suit and liability, either personally or in their official capacities, for any claim for damage to or loss of property, or for personal injury or other civil liability . . . ."). "[T]he use of different terms signals an intent on the part of the General Assembly to afford those terms different meanings." *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1010 (Colo. 2008).

Dr. Polomsky's discussion of *Air Wisconsin Airlines Corp. v. Hoeper*, 320 P.3d 830 (Colo. 2012) does not change my analysis. In that case, the Colorado Supreme Court applied precedent applicable to federal immunities, because it was tasked with interpreting a federal statute that provides immunity to air carriers who disclose suspicious behavior. *Air Wisconsin Airlines Corp.*, 320 P.3d at 836–37, *overruled on other grounds by* 134 S. Ct. 852 (2014). Furthermore, in determining that the immunity was from suit, the Colorado Supreme Court relied heavily on the fact that the purpose of the provision was to "avoid[] air piracy and other threats to national security, without fear of consequences." *Id.* at 837. Here, Dr. Polomsky has not identified a purpose similar to national security that would provide a basis for interpreting the statute contrary to its plain meaning.[2]

---

[2] If Dr. Polomsky truly believes this provision creates immunity from suit, which is lost if the case proceeds to a jury determination, he may attempt an interlocutory appeal to the Tenth Circuit. *See Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832,

3

In sum, I find that certifying Dr. Polomsky's proposed issues to the Colorado Supreme Court is not appropriate. Because I have already determined two of the issues on which Dr. Polomsky seeks certification, permitting the Supreme Court to resolve the questions would not save significant judicial resources. Furthermore, I do not find that the issues are of great importance to Colorado law, and I am not convinced of the likelihood that the Colorado Supreme Court would decide the issues differently. Accordingly, Dr. Polomsky's Motion to Certify to the Colorado Supreme Court Unresolved Questions Regarding the Immunity Provision of the Colorado Medical Practice Act Pursuant to Colo. App. 21.1 [filed April 2, 2018; ECF No. 89] is **denied**.

Entered and dated at Denver, Colorado, this 1st day of May, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

837 (10th Cir. 2003) (stating that the federal appellate courts "have subject matter jurisdiction to hear 'appeals of orders denying motions to dismiss where the motions are based on immunity from suit.'" (quoting *Decker v. IHC Hosps., Inc.*, 982 F.2d 433, 435 (10th Cir. 1992))).