IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03099-MEH

BEYER LASER CENTER, LLC, and
CRAIG F. BEYER,

    Plaintiffs/Counterclaim Defendants,

v.

MATEJ POLOMSKY,

    Defendant/Counter Claimant.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion for Reconsideration (ECF 196) in which Defendant requests the Court reconsider its previous ruling on Defendant's Amended Motion for Summary Judgment. In particular, Defendant requests the Court reconsider his argument that claim preclusion bars Plaintiffs' claims in this case. For the reasons that follow, the Motion is denied.

## BACKGROUND

    On December 6, 2017, Defendant filed his Amended Motion for Summary Judgment. ECF 71. Defendant argued for summary judgment in his favor on all of Plaintiffs' claims for two reasons: first, that he was entitled to statutory immunity under Colorado state law, and, second, that Plaintiffs' case was barred by claim preclusion. On January 23, 2018, this Court issued its Order denying Defendant's Motion for Summary Judgment. ECF 78. On September 20, 2019, a year and nine months later, the Defendant filed the present Motion for Reconsideration of that

Order.  At the time this Motion was filed, Plaintiffs' Motion for Summary and Defendant's Second Motion for Summary Judgment, ECF 150 and ECF 151, were both pending before the Court.

The Court's January 23, 2018 Order rejected both of Defendant's arguments for summary judgment.  First, as to Defendant's statutory immunity argument, this Court found that Plaintiffs demonstrated a disputed issue of fact regarding whether Defendant filed his ethics complaint about Plaintiff Dr. Craig Beyer in good faith.  Order on Def.'s Mot. Summ. J. 8, 13, ECF 78.  Because the Court previously held that an individual filing an informal complaint with the Colorado Board of Medical Examiners receives immunity if he does so in good faith, Order on Def.'s Mot. to Dismiss 8-14, ECF 29, a dispute of fact regarding Defendant's intentions precluded the grant of summary judgment based on statutory immunity.  Defendant's second argument in his Amended Motion for Summary Judgment was that Plaintiffs' claims in this case were or could have been brought in a prior lawsuit Plaintiffs filed in June 2015 against Dr. Richard Stewart, another doctor who had worked at Plaintiff Beyer Laser Center, LLC.  This Court disagreed and held that Defendant had failed to carry his burden as to two of the four elements of claim preclusion under Colorado law.  ECF 78 at 14 ("Dr. Polomsky has not met his burden of showing that the prior and current proceedings involve identical subject matter and parties in privity.").

Defendant's present Motion for Reconsideration "requests that the Court reconsider its previous ruling on claim preclusion."  Mot. at 16, ECF 196.  Despite Defendant seeking this relief, he devotes less than one page on his argument as to why this Court should reconsider its Order on his claim preclusion argument.  This page largely consists of a recitation of the elements of claim preclusion under Colorado law, followed by the single statement that "the injury alleged in the Conspiracy claim in both *Beyer I* and *Beyer II* is identical."  *Id.* at 13.  Defendant proceeds to spend

2

the remainder, and majority, of the Motion affirmatively arguing for summary judgment on his abuse of process claim which has been the subject of its own round of briefing[1] and additional limited oral argument.[2] The Order for which Defendant seeks reconsideration did not address Defendant's abuse of process claim at all, as the Amended Motion for Summary Judgment sought summary judgment in Defendant's favor only for all of *Plaintiffs*' claims based on the statutory immunity and claim preclusion theories.

## **LEGAL STANDARD**

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Menocal v. Geo Grp., Inc.*, No. 14-cv-02887-JLK, 2015 WL 13614120, at *1 (D. Colo. Aug. 26, 2015) (citing *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). The authorization for such a motion is implied by Rule 54(b), which states in part that "any order...that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties...may be revised at any time before the entry of a judgment."[3] Fed. R. Civ. P. 54(b). Motions for reconsideration, thus, "fall within a court's plenary power to revisit and

---

[1] *See* ECF 151, ECF 163, and ECF 171.
[2] *See* ECF 192.
[3] Older caselaw appears to circumscribe motions to reconsider or motions for reconsideration within the parameters of Rule 59 and Rule 60 of the Federal Rules of Civil Procedure. *See, e.g., Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)…Which rule applies to a motion depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e)…If the motion is served after that time it falls under Rule 60(b)." (citations omitted)). Over time, however, this District seemingly has come to recognize a motion for reconsideration implied from the language of Rule 54(b) which is similar to, but distinct from, motions made pursuant to Rule 59(e) or Rule 60(b). *See, e.g., Mantooth v. Bavaria Inn Rest., Inc.*, 360 F. Supp. 3d 1164, 1169 (D. Colo. 2019) (citing *Spring Creek Expl. & Prod. Co., LLC,* 887 F.3d at 1024 (10th Cir. 2018)) (stating "a Court can alter its interlocutory orders" pursuant to a motion to reconsider "even where the…requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied.").

amend interlocutory orders as justice requires." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015). In order to avoid the inefficiency of repeatedly re-adjudicating interlocutory orders, generally judges in this district have imposed limits on the broad discretion to revisit interlocutory orders. *Id*. "A motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Menocal*, 2015 WL 13614120, at *1 (quotation omitted).

"The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012). "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co., LLC*, 2015 WL 3542699, at *2 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed." *Madison v. Volunteers of Am.*, No. 12-cv-00333-REB-KMT, 2012 WL 1604683, at *1 (D. Colo. May 8, 2012) (quotation omitted).

Instead, grounds warranting a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete,* 204 F.3d at 1012 (citation omitted). "In determining whether to revisit an interlocutory order, courts generally consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Hubbard v. Nestor*, No. 16-cv-00444-CMA-STV, 2019 WL 1331981, at *2 (D. Colo. Mar. 25, 2019)

(quotation omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Roe v. Catholic Health Initiatives Colorado*, No. 11-cv-02179-WYD-KMT, 2012 WL 1394523, at *1 (D. Colo. Apr. 23, 2012) (quotation omitted). "A motion to reconsider...should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

## DISCUSSION

In the present Motion, Defendant fails to assert any of the grounds warranting the Court to reconsider its ruling on Defendant's claim preclusion argument; thus, Defendant's Motion fails. *See Servants of the Paraclete,* 204 F.3d at 1012.

First, Defendant makes no claims that the controlling law has changed since the Court issued its Order in January 2018. Not only has the law and legal authority on the argument remained the same, the Defendant's recitation of the law of claim preclusion in this Motion even quotes from the Court's discussion of the law of claim preclusion in the Order which Defendant now seeks to be reconsidered. *Id*.

Next, Defendant makes no argument that the Court's detailed analysis of Defendant's claim preclusion argument in its Order is subject to clear error or manifestly unjust. As noted above, after a brief recitation of the elements of claim preclusion under Colorado law, Defendant makes a single statement for his argument: "[h]ere, the injury alleged in the Conspiracy claim in both *Beyer I* and *Beyer II* is identical." Mot. at 13. This "argument" is made in reference to the third of the four elements necessary for claim preclusion under Colorado law, that the two cases involve

5

the same claims for relief. *See Foster v. Plock*, 394 P.3d 1119, 1123 (Colo. 2017). The Court denied Defendant's first motion for summary judgment based on claim preclusion because "Dr. Polomsky has not met his burden of showing that the prior and current proceedings involve *identical subject matter* and *parties in privity*." Order on Def.'s Mot. Summ. J. 14, ECF 78 (emphasis added). While the Court found dispositive to the denial of Defendant's claim preclusion argument the second and fourth elements of claim preclusion, Defendant addresses only the third element in its Motion. As there is no argument or evidence the Court's Order is clearly erroneous or manifestly unjust, those grounds warranting reconsideration are not present in this case.

Lastly, Defendant's Motion fails to persuade the Court that any new evidence that has been discovered since the Court's January 2018 Order requires the Court to reconsider its Order. Defendant filed this motion "on the heels of Dr. Polomsky's discovery of previously requested, but improperly withheld, evidence of various lawsuits" in which Plaintiffs have been involved. Mot. at 4. Although Defendant seeks reconsideration after the disclosure of this evidence, Defendant fails to connect any of this evidence to the Court's Order on Defendant's claim preclusion argument. Defendant, instead, hangs his hat on the assertion that "Plaintiffs' arguments with regard to claim preclusion and their arguments with regard to [Defendant's] Abuse of Process claim cannot co-exist." *Id*. at 1. He proceeds to use most of his argument to make affirmative arguments as to his abuse of process claim, which was not at issue in his first motion for summary judgment and not considered, or even mentioned, in the Court's January 2018 Order. Defendant was free to seek summary judgment in his favor as to his abuse of process claim in his firs motion for summary judgment; however, he only sought summary judgment of Plaintiffs' claims. His arguments as to his abuse of process claim are thus raised for the first time in this Motion for

6

Reconsideration, which is an inappropriate vehicle to advance those new arguments. *See Spring Creek Expl. & Prod. Co., LLC*, 2015 WL 3542699, at *2.

## **CONCLUSION**

Defendant has presented the Court with no ground warranting reconsideration of its January 2018 Order holding Plaintiffs' claims are not barred by claim preclusion. Therefore, Defendant's Motion for Reconsideration [filed September 20, 2019; ECF 196] is **denied**.

SO ORDERED.

Entered and dated at Denver, Colorado, this 25th day of October, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge