IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03099-MEH

BEYER LASER CENTER, LLC, and
CRAIG F. BEYER,

    Plaintiffs,

v.

MATEJ POLOMSKY,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Dr. Polomsky's Motion for Discovery Sanctions and to Compel Plaintiffs' Compliance with their Obligations under the Federal Rules of Civil Procedure ("Motion"). ECF 203. Defendant seeks sanctions for Plaintiffs' alleged contumacious behavior concerning the latter's conduct in discovery in this lawsuit. For the following reasons, the Motion is granted in part and denied in part.

    Without recounting all of the alleged misconduct Defendant attributes to Plaintiffs, I do make the following relevant findings. First, it is undisputed that Plaintiffs obtained, through direct communication with the author, a declaration dated June 27, 2018, signed by Karen McGovern (McGovern Decl.), Director of Legal Affairs for the Colorado Department of Regulatory Affairs (DORA). DORA is at the center of the allegations in this case. Plaintiffs' lawsuit, as summarized in their First Amended Complaint (FAC), arose because of "**Dr. Polomsky's malicious and negligent complaint to DORA**." FAC p.2 (emphasis in original). Dr. Beyer was suspended in

some manner by DORA, which later removed the suspension. Paragraph 52 of the FAC alleges that DORA "agreed to expunge the suspension from Dr. Beyer's record. DORA is now in the process of removing all references to Dr. Beyer's suspension." The McGovern Decl. addresses the type of suspension that Dr. Beyer received and whether, and when, it is part of the "physician's record" as far as DORA is concerned. Actions by DORA, and those actions' implications and effects, are central to this lawsuit. In May 2018, before the McGovern Decl. was even signed, Defendant issued a formal request for production of documents which states: "Please produce any and all documents reflecting communications between you . . . and the Colorado Medical Board or DORA sent or received between April 10, 2015 and the present." RFP 22. The McGovern document is responsive to this request. It was not produced by Plaintiffs until September 27, 2019. Plaintiffs argue the McGovern Decl. is of little or no relevance, but that is not their decision to make. This alone was a violation of Plaintiffs' discovery obligations and, if timely produced, may have resulted in other discovery requests by the Defendant, an opportunity of which he was deprived. Plaintiffs' conduct is a violation of Fed. R. Civ. P. 26(e), failing to supplement responses to a request for production. Under Fed. R. Civ. P. 37(c), because I find no substantial justification and that the failure was not harmless, a sanction is appropriate.

Second, although I disagree with Defendant's lengthy and exaggerated characterization of the alleged discovery abuses by Plaintiffs, I was required to hold nine discovery hearings and rule on numerous discovery motions, most directed at Plaintiffs by Defendant. While this was due in some part to Defendant's aggressive discovery efforts (which, in my experience, is somewhat typical in a lawsuit between medical professionals), much of it was occasioned by Plaintiffs' lack of diligence in responding to discovery, especially document production. The original scheduling

order was entered on April 18, 2017, with a discovery deadline of January 16, 2018. The formal discovery deadline was changed several times, with the final deadline being April 15, 2019. Even after this date I held several lengthy discovery hearings dealing with lingering problems. Indeed, discovery is essentially ongoing *still*, less than four weeks from the jury trial of this matter. I believe this is the longest, most contentious discovery period over which I have ever presided. The primary fault lies with the aforementioned Plaintiffs' delays in producing responses (including documents) in discovery. Without detailing the specifics, I will let the transcripts of the nine discovery hearings, and the contents of the orders I have issued, speak for themselves.

This set of circumstances is similar to *E.E.O.C. v. Original Honeybaked Ham Co. of Georgia, Inc.*, 11-CV-02560-MSK-MEH, 2013 WL 752912, at *1 (D. Colo. Feb. 27, 2013), in which I found that a litigant had "caused unnecessary expense and delay in this case. In certain respects, the [Plaintiff] has been negligent in its discovery obligations, dilatory in cooperating with defense counsel, and somewhat cavalier in its responsibility to the United States District Court." *Id.* In that case, I imposed a sanction under Fed. R. Civ. P. 16(f) as interpreted and applied by *Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438 (10th Cir. 1984). I make the same finding here as to Plaintiffs' conduct during discovery.[1]

As for the appropriate sanction, I will reserve that decision for the final judgment in this case. During any post-trial motion practice, Defendant may specify their requested sanction,

---

[1] Defendant also requests the Court to compel complete discovery responses. I do not have the time or resources to go back over all of Defendant's discovery requests to determine whether Plaintiffs' responses remain deficient. I will state, however, that Plaintiffs' attorneys are well advised to carefully and circumspectly study the completeness of their discovery responses (even at this late date) and obligations, as well as their clients' cooperation and forthrightness in unearthing and providing all responsive information and documents, because my conclusion on the ultimate sanction in this matter depends on all the deficiencies that have come to my attention, even those that may be disclosed up through the trial of this matter.

supported by affidavit. In any such request, Defendant shall avoid hyperbole and focus on the Plaintiffs' discovery conduct (using factually descriptive language) and the concomitant excess litigation cost.

## **CONCLUSION**

Defendant has established that a sanction against Plaintiffs and/or their counsel is appropriate here. Therefore, Dr. Polomsky's Motion for Discovery Sanctions and to Compel Plaintiffs' Compliance with their Obligations under the Federal Rules of Civil Procedure, ECF 203, is **granted in part** and **denied in part** as stated herein.

SO ORDERED.

Entered and dated at Denver, Colorado, this 7th day of November, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge