**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.1:16-cv-03099-MEH

**BEYER LASER CENTER, LLC**, a Colorado company
and **DR. CRAIG F. BEYER**, a Colorado resident,

    Plaintiffs,

v.

**MATEJ POLOMSKY**, M.D., a North Carolina resident,

    Defendant.

___

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING DISCOVERY SANCTIONS**
___

Plaintiffs Beyer Laser Center, LLC ("BLC") and Dr. Craig Beyer ("Dr. Beyer") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby move for a reconsideration of the Order [ECF 221], as detailed below, granting-in-part Defendant Matej Polomsky's Motion for Discovery Sanctions and to Compel Plaintiff's Compliance with Their Obligations under the Federal Rules of Civil Procedure ("Motion to Compel").

**CERTIFICATION OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiffs' counsel certifies that they have discussed the grounds for this motion and the relief requested herein with counsel for the Defendant and Defense Counsel has indicated the Defendant opposes this Motion.

As grounds for reconsideration, Plaintiffs state as follows:

## I. INTRODUCTION

This Court's Order [ECF 221] found that the McGovern Declaration was not timely produced in response to Request for Production ("RFP") 22, that there was "no substantive justification" for this failure to produce, and "that the failure was not harmless," concluding that "a sanction is appropriate."

The finding in this Order pertaining to the McGovern Declaration should be set aside because it did not address the issue of work product protection raised in Plaintiffs' Response [ECF 214 at 14 ("information Plaintiffs' counsel gathered at that time constitutes information that is subject to the work product exception")]. The McGovern Declaration executed on June 27, 2018 [ECF 203-2]—and bearing the caption for this case—comprised attorney work product and was protected from disclosure under work product immunity. The McGovern Declaration was created as an exhibit to a draft motion for sanctions that remained a potential filing past mid-2019, and that provided substantial justification to withhold that document from production. On September 27, 2019, Plaintiffs chose to waive that immunity after Ms. McGovern was listed as a witness for trial in the Final Pretrial Order [ECF 199]. Moreover, because Defendant had identified McGovern as a witness in Defendant's own Fifth Supplemental Disclosures served on June 21, 2018 [ECF 214-1 at 1]—before the McGovern Declaration was signed—any failure to produce the McGovern Declaration before September 2019 was harmless.

As detailed below, there was substantial justification for withholding the McGovern Declaration based on work product immunity, and there is substantial case law supporting this view, for which reason a sanction pursuant to Fed.R.Civ.P 37 was not appropriate.

## II. LEGAL AUTHORITY

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, "motions for reconsideration are routinely entertained in one form or another[] by federal courts." *United States ex rel. Superior Steel Connectors Corp. v. RK Specialities, Inc.*, No. 11-cv-01488-CMA, 2012 WL 3264296, at *1 (D. Colo. Aug. 10, 2012). The bases for granting reconsideration are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations omitted).

Witness declarations and affidavits are work product and protected from production. *Lamer v. Williams Commc'ns, LLC*, No. 04-CV-847-TCK-PJC, 2007 WL 445511, at *2 (N.D. Okla. Feb. 6, 2007) ("The affidavits at issue are work product"); *Roberts v. Air Capitol Plating, Inc.*, No. 95-1348-JTM, 1997 WL 446266, at *5 (D. Kan. July 22, 1997) (no dispute that the requested signed affidavits are attorney work product).

The work product doctrine protects materials prepared in anticipation of litigation from discovery. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). In *Hickman*, an attorney took the statements of four surviving crew members from a sinking tugboat. *Id.* at 495. The Supreme Court held that such matters were not discoverable without a showing of "necessity or any

indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case." *Id*. at 509.

The principles announced in *Hickman* have been codified in Federal Rule of Civil Procedure 26(b)(3), as follows (with emphasis added):

> 3) Trial Preparation: Materials.
>
> (A) Documents and Tangible Things. **Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation** or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> >
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Under the Federal Rules, work-product materials are immune from discovery absent a showing of substantial need and lack of ability to obtain substantial equivalents by other means. *See also F.T.C. v. Golier, Inc.*, 462 U.S. 19, 27 (1983).

### III.   ARGUMENT

This motion will not relitigate the background regarding each of the discovery disputes in this case, and instead will focus solely on the Court's finding regarding the McGovern Declaration.

#### A.   MCGOVERN DECLARATION WAS PROTECTED BY WORK PRODUCT IMMUNITY

Pursuant to Fed.R.Civ.P. 26(b)(1), "Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense". (Emphasis added). Under Federal Rule of Civil Procedure 26(b)(3), "a party may *not* discover documents and tangible things that are prepared in anticipation of litigation." (Emphasis added). Here, there can be no doubt that the McGovern Declaration was "prepared in anticipation of litigation," and thus privileged work product as argued in Plaintiff's Response to the Motion to Compel [ECF 214 at 14].

The McGovern Declaration bearing the caption for this case was prepared in connection with a motion that ultimately was not filed in this action. [ECF 214-4 at 7 (Plaintiff's September 27, 2019 supplemental response to RFP 2)]. As such, the McGovern Declaration reflects the facts obtained and selected by Plaintiffs' counsel in support of that unfiled motion, and such documents are immune from discovery under the work product doctrine. *Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals*, 272 F.R.D. 124, 125 (S.D.N.Y. 2011).

Multiple courts across the country have held that "a party may not discover documents and tangible things that are prepared in anticipation of litigation" as such discovery is contrary to Federal Rule of Civil Procedure 26(b)(3) or is otherwise wrong. *Mitchell v. Archer Daniels Midland Co.*, 329 F.R.D. 178, 180–181 (E.D. Tenn. 2019). The analysis of *Institute for Development of Earth Awareness v. People for Ethical Treatment of Animals* is highly instructive. Amid contentious discovery disputes between the parties, the applicability of the work product doctrine to affidavits prepared for use on a motion was raised. *Id*. at 125. The Court noted that "[u]ndisputedly, these affidavits were drafted for possible use on a summary judgment motion." *Id*.

> Here, **the executed affidavits of non-party witnesses remained work product until the lawyer elected to serve and file them**. Until the moment of service and filing, the lawyer reserves the right to reverse course and refrain from using the affidavits.

*Id*. (emphasis added).

Furthermore, to the extent that the affidavits "reflect theories once held by PETA's counsel or strategies considered by counsel and abandoned, they are immune under Rule 26(b)(3)(B)." *Id*. (citation omitted).

Here, Plaintiffs had no obligation to waive and disclose the McGovern Declaration when signed in June 2018. The McGovern Declaration was an exhibit created in-house for litigation purposes and comprised privileged work product. See *Live Nation Worldwide, Inc. v. Cohl*, No. 10-24144-CIV, 2011 WL 5597348, at *2 (S.D. Fla. Nov. 17, 2011) (noting that if a party does not rely on a witness' affidavit, then there is "no basis" to waive work product protection). And

there was no Order issued in this case mandating any such waiver before September 27, 2019, when Plaintiff elected to waive work product protection.[1]

Thus, the work product doctrine provided substantial justification for not producing the McGovern Declaration when it was prepared in June 2018 up until September 27, 2019, at which time Ms. McGovern was listed as a witness for trial in the Final Pretrial Order [ECF 199]. The declaration was produced and work product was waived a few days thereafter.

### B. NO PREJUDICE OR HARM AROSE FROM ASSERTING WORK PRODUCT IMMUNITY

Defendant suffered no prejudice as a result of Plaintiffs' assertion of work product immunity.

First, the identity of Ms. McGovern was not unknown to Defendant, as Defendant had already disclosed Ms. McGovern as a relevant witness in Defendant's Fifth Supplemental Disclosures on June 21, 2018 [ECF 214-1 at 1], **before** the McGovern Declaration was signed on June 27, 2018. There was no hiding the ball with respect to the identity of this witness.

Second, the McGovern Declaration was based directly on DORA's online website and the public DORA "Lookup Detail View" for Dr. Beyer. [ECF 203-2]. Plaintiffs had previously produced these publicly available materials to Defendant, and Defendant has not asserted otherwise.

---

[1] This is analogous to expert witness reports which are protected as work product up until the date they are disclosed as mandated by the Court's Scheduling Order. While there is a Scheduling Order mandating disclosure of testifying experts by a date certain, with associated waiver of work product immunity that protected against such disclosure until that specified date—there is no analogous deadline that could pertain to the McGovern Declaration.

Lastly, one of the purposes of the work product doctrine is to prevent a litigant "from taking a free ride on the research and thinking of his opponent's lawyer." *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006) (citation omitted). "Discovery of a witness statement to an attorney is generally not allowed if that witness is available to the other party." *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). "If the Defendant wants to know what a potential witness knows, or what his or her testimony would be if deposed or called at trial, defense counsel (or their investigator) can conduct their own interview and obtain their own affidavit; they are not entitled to ride upon the coattails of Plaintiff's counsel." *1100 W., LLC v. Red Spot Paint & Varnish Co.*, No. 05CV1670 LJMWTL, 2007 WL 2904073, at *2 (S.D. Ind. May 18, 2007); *see also Johnson v. Gmeider*, Nos. Civ.A. 98–2556–GTV, 1999 WL 1095463, at *1, 5 (D. Kan. Nov. 19, 1999) (party moving to compel failed to meet its burden because it "could have deposed these fact witnesses to discover the same information" that it sought to compel). Here, although DORA was a key part of this case, Defendant never deposed, or upon information and belief, even contacted McGovern. Defendant demonstrated no substantial need to obtain any information from McGovern.

Defendant has suffered no prejudice and the withholding of the McGovern Declaration was harmless.

## IV.   CONCLUSION

For all of the reasons stated above, work product immunity applied to the McGovern Declaration up until said immunity was waived by Plaintiffs on September 27, 2019 for the reasons detailed above. The McGovern Declaration comprised a privileged document prior to that disclosure and a sanction is not appropriate.

Finally, if this Court disagrees with Plaintiff's legal analysis and continues to feel that the McGovern Declaration should have been disclosed earlier, Plaintiffs state that they were at all times acting pursuant to what they reasonably understood to be the established work product doctrine regarding documents prepared in anticipation of litigation, and that they were not acting in bad faith or for any improper purpose, for which reason a sanction is not appropriate.

In light of the above, Plaintiffs respectfully request that the Court reconsider its Order [ECF 221] and withdraw its finding that a sanction is appropriate with regards to Plaintiffs' September 2019 production of the McGovern Declaration.

Respectfully submitted November 22, 2019.

        THOMAS P. HOWARD, LLC

        s/ Scott E. Brenner
        Scott E. Brenner
        Thomas P. Howard
        William C. Groh, III
        842 W. South Boulder Road, Ste. 100
        Louisville, CO 80027
        thoward@thowardlaw.com
        sbrenner@thowardlaw.com
        wcgroh@thowardlaw.com

        C. Gregory Tiemeier
        TIEMEIER & STICH, P.C.
        1000 East 16th Avenue
        Denver, CO 80218
        gtiemeier@tslawpc.com

        *Attorneys for Beyer Laser Center, LLC, and Dr. Craig F. Beyer*

## CERTIFICATE OF SERVICE

I hereby certify that on this November 22, 2019, a true and correct copy of the foregoing PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING DISCOVERY SANCTIONS was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to the following:

Emily F. Keimig
Beth Ann Lennon
SHERMAN & HOWARD, LLC
Email: ekeimig@shermanhoward.com
Email: blennon@shermanhoward.com
*Attorneys for Dr. Polomsky*

                                              s/ Thomas P. Howard
                                              Thomas P. Howard