IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03099-MEH

BEYER LASER CENTER, LLC, and
CRAIG F. BEYER,

    Plaintiffs,

v.

MATEJ POLOMSKY,

    Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant's "Request for Forthwith Ruling Concerning Application of C.R.S. § 12-30-204(11)(a)" [filed November 18, 2019; ECF 243]. The Court finds that the statutory privilege applies here and there has been no waiver; however, the documents which Plaintiffs intend to introduce at trial do not fall under the protection of the statute. Therefore, Defendant's motion is granted in part and denied in part.

    No party disputes that certain documents exchanged during this case arose from the Colorado Medical Board's investigation of complaints filed by Defendant and Dr. Richard Stewart against Plaintiff Craig Beyer. The issue is whether these documents are inadmissible, or "privileged," pursuant to Colo. Rev. Stat. § 12-30-204(11)(a), a subsection of Colorado's law governing professional review of health care providers (Colorado Professional Review Act or "CPRA"), which provides:

> Except as specified in subsection (11)(b) of this section, the records of an authorized entity, its professional review committee, and its governing board are not subject to

subpoena or discovery and are not admissible in any civil suit.

*Id.*, *formerly* Colo. Rev. Stat. § 12-36.5-104(10)(a). The Colorado Medical Board is a "professional review committee" under this provision. *Colorado Med. Bd. v. Office of Admin. Courts*, 333 P.3d 70, 73 (Colo. 2014). The Colorado Supreme Court has recognized the characterization of this provision as the "professional review privilege" or "peer review privilege." *Id.* at 71 ("The Board objected that the Letters of Concern were confidential records protected by the professional review privilege, also known as the peer review privilege . . . ."). Rule 501 of the Federal Rules of Evidence govern the application of privileges in federal court and provides in pertinent part that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. There is no dispute that state law governs the rule of law for all four claims remaining in this diversity case. Thus, it appears the privilege applies unless waived.

With respect to any waiver, the Court notes that the statute does not identify the privilege "holder." *See Clark v. Dist. Court, Second Judicial Dist., City & Cty. of Denver*, 668 P.2d 3, 8 (Colo. 1983) ("A waiver must be supported by evidence showing that the privilege holder, by words or conduct, has expressly or impliedly forsaken his claim of confidentiality with respect to the information in question."). However, the Colorado Supreme Court has held that the Colorado Medical Board is "entitled to the protection of its records pursuant to section [12–30–204(11)(a)]." *Colorado Med. Bd.*, 333 P.3d at 73. The Court finds the Colorado Medical Board is the privilege holder and, here, there is no indication that the Board has waived its privilege.

Accordingly, the Court finds the privilege applies in this case to any protected "records," which are defined as follows:

2

> "Records" means any and all written, electronic, or oral communications by any person arising from any activities of a professional review committee, including a governing board, established by an authorized entity under this part 2 or by the agent or staff thereof, including any:
>
> (I) Letters of reference;
>
> (II) Complaint, response, or correspondence related to the complaint or response;
>
> (III) Interviews or statements, reports, memoranda, assessments, and progress reports developed to assist in professional review activities;
>
> (IV) Assessments and progress reports to assist in professional review activities, including reports and assessments developed by independent consultants in connection with professional review activities; and
>
> (V) Recordings or transcripts of proceedings, minutes, formal recommendations, decisions, exhibits, and other similar items or documents related to professional review activities and typically constituting the records of administrative proceedings.

Colo. Rev. Stat. § 12-30-202(8)(a). Plaintiffs argue that the exhibits they seeks to introduce at trial are "original source documents" not subject to the statutory privilege. *See* Colo. Rev. Stat. § 12-30-204. Such documents are defined in the statute as: "any separate written document created or prepared in the ordinary course of business that is not otherwise privileged or confidential, including electronic records and electronic communications, containing factual information relating solely to the individual patient in interest in a civil action that is not created or prepared as part of the professional review activities or created by or at the direction of a professional review committee." Colo. Rev. Stat. § 12-30-202(6.5).

The Court finds the emails and attachment (including any information eventually submitted to the Colorado Medical Board) that were exchanged between Defendant and Dr. Richard Stewart are "electronic communications ... not created or prepared as part of the professional review activities or created by or at the direction of a professional review committee." *See* ECF 251-1. The

3

relevant communications on November 17, 2012 reflect information exchanged *before* Defendant filed his complaint with the Colorado Medical Board and, thus, they cannot constitute a "[c]omplaint, response, or correspondence related to the complaint or response" as described in Colo Rev. Stat. § 12-30-202(8)(a). There is no indication that the later communications reflected in Plaintiffs' exhibit (November 28, 2012, December 2, 2012, December 13-14, 2012, and January 7, 2013) refer or relate to any activities by or for the Colorado Medical Board, *see* ECF 251-1; thus, they are not protected.

The Court concludes that, although the statutory privilege would apply in this case to any document constituting "records" under the CPRA, no such records are to be introduced by the Plaintiffs. Accordingly, Defendant's "Request for Forthwith Ruling Concerning Application of C.R.S. § 12-30-204(11)(a)" [filed November 18, 2019; ECF 243] is **granted in part and denied in part** as set forth herein.

Entered and dated at Denver, Colorado, this 26th day of November, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge