## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:16-cv-03099-MEH

BEYER LASER CENTER, LLC, a Colorado company
and DR. CRAIG F. BEYER, a Colorado resident,

      Plaintiffs,

v.

MATEJ POLOMSKY, M.D. a North Carolina resident,

      Defendant.

_____

## DR. POLOMSKY'S BRIEF SPECIFYING REQUESTED DISCOVERY SANCTIONS, AS ISSUED AGAINST PLAINTIFFS ON NOVEMBER 7, 2019

_____

Defendant Matej Polomsky, M.D. ("Dr. Polomsky" or "Defendant") by and through his undersigned counsel, pursuant to Fed. R. Civ. P. 16(f), 26, and 37, and in accordance with the Court's November 7, 2019 Order hereby provides this brief outlining the requested sanctions against Plaintiffs, supported by affidavit, in light of "Plaintiffs' discovery conduct . . . and the concomitant excess litigation cost" suffered by Dr. Polomsky. [Doc. 221, p. 3-4]. Specifically, Dr. Polomsky requests an award of $535,446.50, the reasonable attorneys' fees unnecessarily incurred due to Plaintiffs' discovery conduct.

As the Court held in its Order sanctioning Plaintiffs, "this is the longest, most contentious discovery period over which [the Court has] ever presided" and "the primary fault lies with the aforementioned Plaintiffs' delays in producing responses (including documents) in discovery." [Doc. 221]. Indeed, review of the voluminous contemporaneous records created in this case shows

that Plaintiffs', and their counsels', negligence with regard to their "discovery obligations, [their] dilatory [conduct] in cooperating with defense counsel, and somewhat cavalier [attitude toward their] responsibility to the United States District Court", [Doc. 221, p. 3], spans from the very outset of discovery – when Initial Disclosures that failed to comply with either the Federal Rules of Civil Procedure or the representations made by Plaintiffs to opposing counsel and the Court were provided on the (extended) deadline of May 22, 2017 - all the way to and through January of 2020, when the parties were (for the second time) just weeks out from trial but dealing with Plaintiffs' cavalier attitude towards discovery obligations, in that particular instance arising from Plaintiffs' counsels' explicit admission that they had not disclosed any of the documents found on Plaintiffs' privilege logs from the First Lawsuit during discovery in the present proceedings – documents which had been in Plaintiffs' custody or control throughout these proceedings – because counsel had declined to review those documents to determine whether they were responsive to any of Dr. Polomsky's written discovery requests until directed to do so by the Court on November 13, 2019.[1]

As this Court has already held, sanctions are appropriate against Plaintiffs and/or their counsel under Federal Rule of Civil Procedure 16(f)[2] because their conduct has "caused

---

[1] Fed. R. Civ. P. 37 makes clear that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond" and sanctions should result. Fed. R. Civ. P. 37(a)(4). A party's discovery obligations are ongoing and the Federal Rules impose an affirmative obligation to supplement disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. . ." Fed. R. Civ. P. 26(e).

[2] Sanctions are also appropriate for this same conduct under Fed R. Civ. P. 26 and 37, as well as 28 U.S.C. § 1927. Fed. R. Civ. P. 37(b)(2)(C) requires the Court to order a disobeying party or his attorneys "to pay the reasonable expenses, including attorneys' fees, caused by the failure" to obey

unnecessary expense and delay in this case." [Doc. 221, p. 3]. The Court ruled that the "conclusion on the ultimate sanction in this matter depends on **all of the deficiencies that have come to [the court's] attention**, even those that may be disclosed up through the trial of this matter." [Doc. 221, p. 3, n. 1 (emphasis added)]. Thus, as contemplated under the Local Rules and instructed by the Court, a comprehensive recitation, using "factually descriptive language", [Doc. 221, p. 4], of Plaintiffs' cavalier and disruptive discovery conduct throughout these proceedings is being submitted, via Declaration, in conjunction with this fee request. Ex. A. As the Court has directed, Dr. Polomsky will otherwise "let the transcripts of the nine discovery hearings, and the contents of the orders [the Court has] issued, speak for themselves." [Doc. 221, p. 3].

Fed. R. Civ. P. 16(f)(1)(C) provides that "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . .

---

a discovery order. Fed. R. Civ. P. 37(d) also requires an award of attorneys' fees under the present circumstances. Specifically, where "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written responses . . . the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified. . ." Fed. R. Civ. P. 37(a)(4) specifically states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond" and that, under such circumstances, if the deficiencies are not cured before the assistance of the Court is requested, sanctions are appropriate. Similarly, Fed. R. Civ. P. 26(g)(1) requires "every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection" to "be signed by at least one attorney of record in the attorney's own name" certifying "that to the best of the person's knowledge, information and belief *formed after a reasonable inquiry*: with respect to a disclosure, it is complete and correct as of the time it is made; and with respect to a discovery . . . response or objection, it is" both "consistent with these rules and warranted by existing law" and "not interposed for any improper purpose. . ." (emphasis added). "If a certification violates this rule without substantial justification, the court, on motion or on its own, **_must_** impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id*

3

fails to obey a scheduling or other pretrial order." As this Court has already held, sanctions are appropriate under Federal Rule of Civil Procedure 16(f), when "a litigant [has] caused unnecessary expense and delay in [the] case" and is "negligent it its discovery obligations, dilatory in cooperating with defense counsel, and somewhat cavalier in its responsibility to the United States District Court." [Doc. 221, p. 3 *quoting EEOC v. Original Honeybaked Ham Co. of Ga, Inc.,* 11-CV-02560-MSK-MEH, 2013 WL 752912, at *1 (D. Colo. Feb. 27, 2013)]. "While on the whole Rule 16 is concerned with the mechanics of pretrial scheduling and planning, its spirit, intent and purpose is clearly designed to be broadly remedial, allowing courts to actively manage the preparation of cases for trial." *Matter of Baker,* 744 F.2d 1428, 1440 (10th Cir. 1984). This is because the Court has a "high duty to ensure the expeditious and sound management of the preparation of cases for trial" and cannot meet that duty when the "lawyers and parties" engage in "contumacious behavior." *Id.* The "intent" of Rule 16 "is to impose the sanction where the fault lies" and an award of sanctions under this Rule does not require a determination "that the party or the party's lawyer be in violation of a court order" or that "contumacious attitude" or a "chronic failure" was the cause of the unnecessary "burdens on the court" and "on opposing parties" the Court seeks to remedy through the sanctions. Rule 16 also makes clear that the presumption when this provision is triggered is that "the court **must** [then] order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added). It is those expenses – directly attributable to Plaintiffs', and their counsels', discovery abuse - that Dr. Polomsky respectfully requests the Court award him now.

4

Rule 16 looks to Rule 37 for guidance on the appropriate sanction to impose.[3] Among other circumstances, "sanctions are appropriate" under Federal Rule of Civil Procedure 37 "when a party (1) destroys (2) discoverable matter (3) which the party knew or should have known (4) was relevant to pending, imminent, or reasonably foreseeable litigation." *Gates Rubber Co. v. Bando Chem. Indust. Ltd.,* 167 F.R.D. 90, 101 (D. Colo. 1996). Indeed, the clear obligations of both litigants and their legal counsel to preserve discoverable material relevant to pending, imminent, or reasonably foreseeable litigation and the necessity of, at a minimum, an award of attorneys' fees when such destruction occurs is well established. *See, e.g., id* (discussing a litigant's preservation obligations); *Cache La Poudre Feeds LLC v. Land O'Lakes, Inc.,* 244 F.R.D. 614, 629-30 (D. Colo. 2007) (discussing the contemporaneous obligations of legal counsel to "take appropriate measures to ensure that the client" is complying with his discovery obligations, including the obligation to preserve documents). Fed. R. Civ. P. 37(a)(5) states that "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated [a] motion [to compel], the . . . attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Similarly, where a party "fails to obey an order to provide or permit discovery," such as occurred repeatedly here, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified. . ."

---

[3] It is Dr. Polomsky's position that dispositive sanctions, as contemplated under Rule 37, would be appropriate under the present circumstances but that, at a minimum, shifting the financial burden he incurred as a direct result of this discovery misconduct to Plaintiffs is not only appropriate, it is required.

5

Fed. R. Civ. P. 37(b)(2). As outlined in the attached Declaration, all of this occurred, often repeatedly, in the present proceedings.

The fees requested by Dr. Polomsky are reasonable under the present circumstances, as Plaintiffs' conduct resulted in Dr. Polomsky having no choice but to incur them in defending himself against the claims brought by Plaintiffs years after he complied with his statutory obligations as a licensed physician. When fees are awarded, the Court must "determine the reasonableness of a fee request" by "calculating the so-called 'lodestar amount' of a fee" which presumptively reflects a "reasonable fee." *See, e.g. Bunting v. Preferred Homecare,* No. 12-cv-03327-RM-KMT, 2014 WL 1237662, * 1 (D. Colo. Mar. 24, 2016) (*quoting Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998)). This calculation requires the Court to determine the "reasonable hourly rate," based upon "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time" and multiplying this number by "the number hours reasonably spent by counsel" on the tasks caused by the other party's discovery abuse. *See, e.g., White v. Chafin,* No. 13-cv-01761-CMA-MJW, 2016 WL 9735066 (D. Colo. Sept. 23, 2016) (explaining when calculating "the 'lodestar'" the "reasonable hourly rate" part of that calculation is determined by consideration of "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time"). Based upon the experience and locality of the attorneys who billed on this matter, the rates charged for the work performed as a result of Plaintiffs' conduct, and that of Plaintiffs' legal counsel, are reasonable. *See, e.g., Arend v. Paez,* No. 12-cv-01270-DDD-SKC, 2019 WL 2726231 (D. Colo. July 1, 2019) (summarizing recent decisions finding rates between $300 and $500 to be reasonable in employment law and civil rights cases "in the Denver area"); Exhibit C (outlining the qualifications of Defendants' counsel and paralegal that billed on this case).

6

This time was also "reasonable" in light of the situation created by Plaintiffs' conduct. Plaintiffs' failure and refusal to comply with the basic requirements outlined in the Federal Rules of Civil Procedure, as well as Court Orders, not only delayed these proceedings exponentially, it shifted the burden to Dr. Polomsky to attempt to make some semblance of sense of the voluminous materials (tens of thousands of which had no Bates stamps or other means of tracking or organizing) Plaintiffs repeatedly dumped during discovery, in every instance well after the deadline for production had passed. Dr. Polomsky was also forced to expend resources in an effort to recreate, to the extent even possible, the relevant documents that Plaintiffs had destroyed during the pendency of this litigation. In many instances, this had to occur "on the fly" and outside the temporal parameters of the Court's Scheduling Orders specifically because Plaintiffs refused to address problems until called to task by the Court.

Dr. Polomsky's counsel carefully scrutinized each of their billing entries and ensured that only amounts reasonably expended were included in its request. Ex. B. Indeed, all amounts sought were billed to Dr. Polomsky. *Id.*; *see Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.,* 158 F.3d 1243, 1250 (10th Cir. 1998) ("Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable."). Though he believes he is entitled to much more, all that Dr. Polomsky is seeking at this juncture is recovery of those fees incurred as a result of Plaintiffs' dilatory discovery conduct (as generally described by the Court in its Order on Sanctions), as required under the Federal Rules.

Plaintiffs' discovery misconduct, including their repeated disregard for this Court's Orders, has caused Dr. Polomsky to incur a shocking amount of attorneys' fees as a direct result. As outlined in the affidavit provided herewith, recovery of this "excess litigation cost" is necessary as

7

a matter of equity and required as a matter of law. Wherefore, Dr. Polomsky respectfully requests that an award be entered by the Court directing Plaintiffs and their legal counsel to pay the $535,446.50 in attorneys' fees caused by their failure to properly, and timely, engage in discovery.[4]

Respectfully submitted this 21st day of February, 2020.

SHERMAN & HOWARD L.L.C.

s/ Beth Ann Lennon
Emily F. Keimig
Beth Ann Lennon
633 17th St., Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 299-0940
Email: ekeimig@shermanhoward.com
Email: blennon@shermanhoward.com

*Attorneys for Dr. Polomsky*

---

[4] Under the circumstances of this case, Plaintiffs and their counsel should be jointly and severally liable for these fees except to the extent either Plaintiffs or their counsel can establish that the other was solely at fault for these added expenses.

8

51317798.1

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 21st day of February, 2020, a true and correct copy of the foregoing **DR. POLOMSKY'S BRIEF SPECIFYING REQUESTED DISCOVERY SANCTIONS, AS ISSUED AGAINST PLAINTIFFS ON NOVEMBER 7, 2019** was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to the following:

Thomas P. Howard
Scott E. Brenner
William C. Groh, III
THOMAS P. HOWARD, LLC
842 W. South Boulder Road, Suite 100
Louisville, Colorado 80027
Email:    thoward@thowardlaw.com
Email:    sbrenner@thowardlaw.com
Email:    wegroh@thowardlaw.com

C. Gregory Tiemeier
TIEMEIER & STICH, P.C.
1000 East 16th Avenue
Denver, CO 80218
Email:    gtiemeier@tslawpc.com

*s/ Theresa M. Bohrer*
Theresa M. Bohrer, Legal Secretary

51317798.1